UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 08-105-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL REDMOND and | ) | **ORDER** |
| NANNETTE REDMOND, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Magistrate Judge Robert E. Wier's Recommended Disposition [R. 90] of two suppression motions [R. 53, 56] filed by the Defendants, Michael and Nannette Redmond. In the Recommended Disposition, Judge Wier recommends that the Court deny both Motions to Suppress. The Defendants separately filed objections to the R&R [R. 94, 95]. For the reasons set forth below, the Defendants' Motions to Suppress [R. 53, 56] will be denied.

**I.**

The relevant facts are set out exhaustively in Judge Wier's Recommended Disposition. Neither Defendant has noted any specific objection to those facts or offered a materially different version of the facts. The Court will, therefore, adopt and incorporate the facts as set forth in the Recommended Disposition.

On November 25, 2008, Judge Wier conducted a lengthy evidentiary hearing concerning the Defendants' suppression motions. The primary issue was whether the warrantless search of a vehicle owned by Michael Redmond and driven by Nannette Redmond was proper. Following

that hearing and the parties' submission of post-hearing briefs, Judge Wier issued his Recommended Disposition. Therein, he concludes that probable cause supported the vehicle search, that the search of the Defendants' residence was lawful, and that Nannette Redmond's statements are admissible because she was properly *Mirandized* before making the relevant statements. Thus, Judge Wier ultimately recommends that both suppression motions be denied. As noted above, both Nannette and Michael Redmond timely filed objections to Judge Wier's recommendation.

**II.**

At the outset, the Court notes that it is not required to perform a *de novo* review of the Magistrate's Recommended Disposition in this case. Title 28 U.S.C. § 636(b)(1) provides for *de novo* review of those portions of a magistrate's report or recommendations to which objections have been made by any party. Here, both Defendants have submitted objections. [*See* R. 94, 95.] Those objections, however, are general at best and insufficient to trigger this Court's obligation to conduct a *de novo* review.

The entirety of Nannnette Redmond's objection states that she "objects to all portions of the recommended disposition on the Defendant's Motions (sic) to Suppress filed February 9, 2009 (Document 90) and requests that the District Court conduct a *de novo* reconsideration of the Motion and of the recommended disposition." [R. 94.] She adds that she "relies upon the arguments contained in her Motion to Suppress, and the Defendant's Post Hearing Memorandum in support of Motion to Suppress and the evidence presented herein at the Suppression hearing in support of said objections and requests a *de novo* review." [*Id.* (internal citations omitted).]

Similarly, and only slightly more specific, Michael Redmond notes that he "objects to the

2

Magistrate Judge's recommended disposition of the Defendant's motion to suppress. Specifically, the Defendant objects to the determination that probable cause existed for the search of the vehicle owned by the Defendant." [R. 95.] He further "requests that the Court conduct a *de novo* consideration of the Motion and the recommended disposition." [*Id.*] Finally, Michael Redmond also notes that he "relies upon the arguments presented in his Motion to Suppress and his Memoranda in support, as well as the arguments presented on behalf of the co-defendant Nannette Redmond in her motion and memoranda." [*Id.*]

In *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991), the Sixth Circuit, discussing the failure to provide specific objections to a magistrate's report, noted the following:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources . . . and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (6th Cir. 1991). In other words, the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Other circuits also treat a general objection the same as a failure to file an objection. *See, e.g., United States v. One Parcel of Property*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Lockert*, 1019  843 F.2d at 1019 (7th Cir. 1988); *Goney v. Clark*, 749 F.3d 5, 6-7 (3d Cir. 1984); *Nettles*, 677 F.2d at 410, n.8. Indeed, a general objecting statement,

3

even if incorporating all previous arguments, does not suffice. *United States v. Salahuddin*, 2009 WL 62991, *9 (E.D. Wis. Jan. 8, 2009) (citing *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D. Wis. 1988); *see also United States v. O'Neill*, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) ("Generalized objections, absent specific legal authority, do not invoke the district court's obligation to perform a *de novo* review of a magistrate's decision.").

In *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), the Petitioner made a blanket objection to the Magistrate's report and recommendation stating: "The undersigned objects to each and every finding of the Magistrate and requests that the court conduct a *de novo* review of the record." Concluding that the Petitioner's general objection was insufficient, the Sixth Circuit held that a district court need not provide *de novo* review where the objections are "[f]rivolous, conclusive or general." *Id.* at 637 (internal citations omitted). The appellate court further noted that parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In this case, the Defendants' objections are virtually identical to the one levied by the petitioner in *Mira*. As noted previously, Nannette Redmond broadly objects to "all portions" of Judge Wier's recommendation. Such an objection, however, fails to pinpoint any particular issue or focus this Court's attention on any specific aspect of Judge Wier's twenty-five page Recommended Disposition. *See Lockert v. Faulkner*, 1019  843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only "I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Her vague objection is simply too general to trigger this Court's obligation to conduct a *de novo* review of the Magistrate Judge's Recommended

4

Disposition. Moreover, taken literally, her objection would necessitate the untenable result of requiring the Court to conduct a *de novo* review of even those portions of the Recommended Disposition which were resolved in her favor.

Michael Redmond's objection presents a closer call. Only slightly more specific than his co-defendant, however, his objection is also too general to require a *de novo* review by the Court. He "specifically" objects to the determination that probable cause existed for the vehicle search. The use of the word "specifically" does not necessarily make the objection itself is specific. While Mr. Redmond at least minimally directs the Court's attention to the probable cause finding, he offers no specific factual or legal objection to either the analysis or conclusions in Judge Wier's recommendation. He does not distinguish any case law cited by Judge Wier and fails to demonstrate that there was any error in the application of the relevant case law to the facts of this case. In the context of a warrantless search, an objection to a finding that probable cause existed is akin to an objection that the Commissioner's decision in a Social Security case was not supported by substantial evidence. It is simply a vague objection to the ultimate finding at issue that neither focuses the district court's attention on a specific error nor provides contrary legal authority or supporting facts.

In light of the general objections filed by the Defendants, the Court has reviewed the Magistrate Judge's Recommended Disposition for clear error and finds none. Judge Wier's analysis and conclusions are thoughtful and appropriate based on the particular facts of this case and the applicable case law.

To be sure, the goal of judicial economy is not served where a party's general objections are sufficient to require a *de novo* review, thereby duplicating time and effort and effectively

negating the purpose of the original referral.  However, the goal of judicial economy is also not served by the failure to conduct a *de novo* review only to have the matter subsequently remanded.  The Court is cognizant that the failure to conduct a *de novo* review, when required to do so, is a constitutional infirmity that would require remand.  *See Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993) (noting that *de novo* review is constitutionally and jurisdictionally mandated under Article III of the Constitution).  That is not the case here, however, in the absence of qualifying objections.

Assuming that Michael Redmond's general objection is deemed sufficient to trigger a *de novo* review, and out of an abundance of caution, the Court has also performed a *de novo* review on the discrete issue of probable cause set forth in the Recommended Disposition.  The Court has reviewed the original suppression motions filed by the Defendants, the transcript of the suppression hearing, the post-hearing supplemental briefs filed by the parties, Judge Wier's Recommended Disposition, and applicable case law.  The Court observes that Judge Wier has thoroughly and exhaustively analyzed each of the issues raised by the Defendants.  Beyond merely finding no error, the Court is in complete agreement with Judge Wier's analysis and conclusions.  Thus, while it is indeed a close call, the Court finds, pursuant to a *de novo* review, that probable cause supported the vehicle search.  Based on the collective knowledge of the law enforcement officers involved, *see Willis v. Neal*, 247 F. App'x 738, 742-43 (citing *Collins v. Nagle*, 892 F.2d 489, 495 (6th Cir. 1989)), there was a fair probability that contraband or evidence of a crime would be found in the truck.  Moreover, because the search of the truck was proper, the warrant application for the search of the residence was supported by probable cause, and was, therefore, valid.

6

## III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Defendant Nannette Redmond's Motion for Joinder in Motion to Suppress Filed by Michael Redmond [R. 60] is **GRANTED**;

(2)  Defendants' Objections to the Magistrate's Recommended Disposition [R. 94, 95] are **OVERRULED**;

(3)  The Magistrate Judge's Report and Recommendation [R. 90] is **ADOPTED and INCORPORATED** herein;

(4)  Defendants' Motions to Suppress [R. 53, 56] are **DENIED**.

This the 28th day of May, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge